An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE A. PALACIOS-REGALADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60683

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Jose A. Palacios-Regalado's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Palacios-Regalado contends that the district court erred by denying his habeas petition because counsel was ineffective for failing to properly advise him about the immigration consequences of his guilty plea. When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted a hearing and concluded that trial counsel was not deficient and that Palacios-Regalado failed to demonstrate prejudice. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); see also Strickland v. Washington,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04962

466 U.S. 668, 687-88, 694 (1984); Kirksey v. State, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996).

We conclude that the district court erred by finding that counsel was not deficient. Counsel failed to properly advise Palacios-Regalado that, as a result of his guilty plea to an aggravated felony, deportation was "a virtual certainty." U.S. v. Bonilla, 637 F.3d 980, 984 (9th Cir. 2011); see also 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(G) ("The term 'aggravated felony' means . . . a theft offense . . . or burglary offense for which the term of imprisonment [is] at least one year."); Padilla v. Kentucky, 559 U.S. ___, ___, 130 S. Ct. 1473, 1483 (2010) ("When the law is not succinct and straightforward, . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (footnote omitted)). However, we also conclude that the district court did not err by finding that Palacios-Regalado failed to demonstrate prejudice. See Padilla, 559 U.S. at ___ n.12, 130 S. Ct. at 1485 n.12 (recognizing that "it is often quite difficult for petitioners who have acknowledged their guilt to satisfy Strickland's prejudice prong"). Palacios-Regalado was caught on videotape by LVMPD VIPER detectives stealing a bait vehicle; he also admitted to removing property from the vehicle. In exchange for his guilty plea, Palacios-Regalado acknowledges that he received a "beneficial" deal—the State agreed to dismiss an additional felony charge and not oppose his request for probation.

Palacios-Regalado did, in fact, receive probation. Further, justice court minutes indicate that at the time set for the preliminary hearing, a continuance was granted after "defense states defendant has immigration issues and will be talking to an immigration attorney." Therefore, we conclude that the district court did not err by denying Palacios-Regalado's habeas petition, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

---

[1]Although we filed the fast track statement and appendix submitted by Palacios-Regalado, they fail to comply with the Nevada Rules of Appellate Procedure. Palacios-Regalado's fast track statement refers to matters in the record without specific citation to the appendix, see NRAP 3C(e)(1)(C); NRAP 28(e)(1), and the appendix does not contain all of the documents required for inclusion—notably missing is his supplemental habeas petition filed in the district court on February 13, 2012, see NRAP 30(b)(2). Counsel for Palacios-Regalado is cautioned that the failure to comply with the briefing and appendix requirements in the future may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

CHERRY, J., dissenting:

I respectfully dissent from the panel's decision to affirm the district court order denying Palacios-Regalado's post-conviction petition for a writ of habeas corpus. In my opinion, the district court also erred by finding that Palacios-Regalado failed to demonstrate prejudice.

For this reason, I would reverse the district court order and remand the matter to allow Palacios-Regalado to withdraw his guilty plea.

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
De Castroverde Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk